A judgment cannot be impeached in an action upon a note given in satisfaction of such judgment. A judgment implies verity in itself.

Tʜɪꜱ was an action originally instituted by the appellees against the appellants, before a justice of the peace of Hamilton county, upon the following note:

"On or before the first day of January next, we or either of us promise to pay The President and Directors of the State Bank of Illinois, the sum of eighty-six dollars and ten cents, for value received, being the amount due on two judgments in favor of the Bank against N. Janny and others, on Lockwood's Docket, and one judgment against Ichabod Mitchell, in the Circuit Court, on a note given by said Janny, together with interest on the above sum from the 24th of August, 1829, till paid: Provided if this note shall be paid punctually, the above interest and ten per cent. of the principal to be remitted, if both do not exceed twenty-four per cent. on the whole.

Witness our hands and seals, this 19th day of September, 1833.

Gᴇᴏʀɢᴇ Mᴀʏʙᴇʀʀʏ, [ʟ.ꜱ.]<br>Iᴄʜᴀʙᴏᴅ Mɪᴛᴄʜᴇʟʟ. [ʟ.ꜱ.]"

The cause was removed by appeal to the Circuit Court, where judgment was rendered for the appellees for $128,24, at the September term, 1837, the Hon. Walter B. Scates presiding. The defendants in the Court below appealed to this Court.

On the trial in the Circuit Court the following bill of exceptions was taken:

"Be it remembered, that on the trial of this cause, the defend-

Mitchell *et al. v.* State Bank of Illinois.

ants, by their attorney, offered to produce in evidence to the Court, the two several judgments referred to in the note on which this suit was brought, and also the several notes on which those two judgments were rendered; and to prove that said two last mentioned notes were executed to the said plaintiffs for and in respect of bills of credit issued by the State of Illinois, by means of the machinery of what was called a State Bank, created in and by the act of the year 1821, entitled " *An act to esta-blish,*" &c.; and that bills of credit issued by the authority of said State in violation of the Constitution of the United States, formed the whole consideration of the said last mentioned notes: which evidence except said judgments, the Court refused to hear, and to allow to be produced; to which opinion of the Court in overruling this evidence, the defendants, by their counsel, except, and pray this their bill of exceptions may be sealed and al-lowed, &c.

WALTER B. SCATES. [L.S.]"

HENRY EDDY, for the appellants.

G. W. OLNEY, Attorney General, for the appellees.

SMITH, Justice, delivered the opinion of the Court:

The appellants, being the sureties of other persons, were sued on certain notes which they had signed with their principal, against whom judgments had been rendered. To obtain time for payment, and to liquidate these judgments, the plaintiffs gave other notes in extinguishment of the judgments; and in the Circuit Court they attempted to show that the notes on which the judgments had been rendered were void—having been given for notes of the State Bank, the notes of the Bank being bills of credit issued contrary to the provisions of the Constitution of the United States. The decision of the Circuit Court, in refusing to admit the testimony offered, was correct.

The judgments were a good and valid consideration for the notes. The original notes were extinguished by the judgments; and the debt of record created by the judgments, were, until re-versed, a sufficient and legal consideration. Until their reversal, they were, of course, binding; and the consideration upon which they were rendered, could not be enquired into collaterally. It was not, in this action, competent for the Court to admit evidence to impeach the judgments, because they implied verity in them-selves, and could not be contradicted; and being the considera-tion upon which the note now sued, was founded, the decision of the Circuit Court in excluding the evidence offered, was justified by the well settled principles of law applicable to evidence.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See Linn *v.* The State Bank of Illinois, *Ante* 87—95, and note; State Bank of Illinois *v.* Brown *et al., Ante* 106 ; Wood *v.* Hynes, *Ante* 103; Carson *v.* Clark, *Ante* 113; Hall *et al. v.* Byrne *et al., Ante* 140 ; Stacker *et al. v.* Watson, *Ante* 207 ; Buckmaster *v.* Grundy, *Ante* 310.